Dwight, J.
—The referee bases his direction for judgment upon his finding of an account stated, or settlement, between the parties. The action was for services; the amount earned by the plaintiff is not in dispute; the only question relates to the amount of credits, by way of payment and offset, to be allowed on his claim.
Evidence of such credits was made on the part of the defendant by her own testimony, in which she verified two *667 accounts, one kept by her husband and the other by herself after he became unable to attend to his business. On her cross-examination a paper was put into her hands by counsel for the plaintiff, which she testified she drew off from a book in which the plaintiff kept his own account of payments and other matters chargeable to him; that the plaintiff asked her for the book which belonged to her husband; that she declined to give it to him, but at his request wrote off the account as kept by him. She testified that she did not compare it with the accounts kept by her husband and herself, and that she did not know at the time how far it was correct. ■
The paper was thereupon offered in evidence by the plaintiff. It was objected to by the defendant on the grounds, 1st, that in drawing it off the defendant acted in a clerical capacity; 2d, that the paper was not the best evidence. The objection was overruled, and the paper received. The ruling was probably erroneous, but the error was not material, because, as the evidence then stood, the paper contained only admissions by the plaintiff of certain credits applicable to his claim; as far as it went, it was evidence in favor of the-defendant.
The plaintiff being subsequently recalled, testified that Mrs. Kane did draw off the paper from a book kept by him; that when she handed it to him, she said “ there is your bill; ” then he said he thought it was just the way it was in his book; and they looked over and found it was.
_ This is all the evidence in the case bearing upon the question here considered.
The referee found “ that in the summer of 1882, the appellant and respondent had a looking over of their accounts, at which time a statement of the same was prepared by the appellant and given to the respondent, and accepted by said respondent as a correct account, which said statement showed etc., etc.”
The finding seems to have no substantial foundation in the evidence contained in the record before us, which is certified to be all the evidence given on the trial.
There is no material contradiction in the evidence of the parties. Both agree that the paper to which so much effect is given, was drawn off by the defendant from an account of credits kept by the plaintiff. She says she did it at his request. He does not deny it. She says that it was not compared with the account as kept by herself and her husband; and he does not say it was; but only that it was coml pared with his own account, and found to be a correct copy. Her expression, testified to by him “ there is your bill,” cannot, in the light of the evidence, be regarded- as an admission by her that the paper contained a true and correct statement of the amount chargeable to him.
We must regard the finding of fact, above quoted, as un *668 supported by the evidence, and the conclusion of law based thereupon as error, for which the judgment must be reversed.
Barker, P. J., Haight and Bradlet, JJ., concur.
Judgment reversed, and new trial ordered, costs to abide event,